Reginald JACKSON, Plaintiff–
Appellant,

v.

Mike LEAVITT,* Secretary of the Department of Health and Human Services; the Centers for Medicare and Medicaid Services, of the Department of Health and Human Services; Healthnet of California, Defendants–Appellees.

Reginald Jackson, Plaintiff–Appellant,

v.

Mike Leavitt,* Secretary of the Department of Health and Human Services; Healthnet of California, Defendants–Appellees.

Nos. 04–17397, 04–17400.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2006.**

Filed Dec. 1, 2006.

Laurence F. Padway, Alameda, CA, for Plaintiff–Appellant.

Elise D. Klein, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, Andrew Y.S. Cheng, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

ORDER ***

Appellant Reginald Jackson appeals from two orders dismissing two complaints he filed in district court. In his prayer for relief in each complaint, Jackson sought only injunctive relief. On October 11, 2006, counsel for Reginald Jackson filed with this court a Notice of Death of Appellant. "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021–22 (9th Cir. 2004) (citing *Clark v. City of Lakewood*,

---

* Mike Leavitt is substituted for his predecessor, Tommy Thompson, as Secretary of Health and Human Services. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

259 F.3d 996, 1007 (9th Cir.2001)). Because he has passed away, there is no such threat to Jackson.

The injunctive relief Jackson sought would not be an effective remedy to his estate were it to step into his shoes as the appellant. *See Bennett v. Gemmill (In re Combined Metals Reduction Co.),* 557 F.2d 179, 187 (9th Cir.1977) (holding that appeals are moot when appellate courts can provide no effective relief). Jackson's death has rendered his claims for injunctive relief moot. *See Kennerly v. United States,* 721 F.2d 1252, 1260 (9th Cir.1983) (dismissing claim for injunctive relief as moot where estate of original plaintiff stepped into plaintiff's shoes). Therefore, Jackson's appeal from the orders of the district court is **DISMISSED** without costs to either party.